UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
KAREN CAVANAGH,

                Plaintiff,

     -against-

COLUMBIA SUSSEX CORPORATION,
COLUMBIA SUSSEX MANAGEMENT LLC, CP
COLUMBIA LLC D/B/A COLUMBIA
MARRIOTT, AND MARRIOTT
INTERNATIONAL, INC.,

                Defendants.

**MEMORANDUM & ORDER**
**19-CV-02515 (NGG) (VMS)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Karen Cavanagh filed this negligence action in New York state court after slipping and falling in a Columbia, South Carolina, Marriott hotel. Defendants, the Marriott franchisor and a group of entities owning and operating the hotel, removed the action to federal court for the Eastern District of New York. Defendants move (1) for judgment on the pleadings with respect to two of the four defendants; (2) to dismiss the claims against a third defendant for want of personal jurisdiction; and (3) to dismiss the claims against them on forum non conveniens grounds. Plaintiff seeks to remand the case to state court. For the reasons that follow, Plaintiff's request for remand is DENIED and Defendants' motion to dismiss and for judgment on the pleadings is GRANTED in part and DENIED in part.

    I.    BACKGROUND

Karen Cavanagh alleges negligence in the operation and management of a Marriott hotel located in Columbia, South Carolina. (Not. of Removal Ex. A ("Compl.") (Dkt. 1) at ECF p. 12 ¶ 36.) According to her complaint, she fell on a wet floor and sustained "severe and serious injuries" that required medical care and

missed work, and she seeks an unspecified amount of damages. (*Id.* ¶¶ 41, 43, 56.) She has named four defendants: Columbia Sussex Corporation, a hotel corporation based in Kentucky; Columbia Sussex Management LLC, a subsidiary of Columbia Sussex Corporation, also based in Kentucky; CP Columbia LLC d/b/a Columbia Marriott ("CP Columbia"), the corporate entity, also based in Kentucky, of the South Carolina hotel itself; and Marriott International, Inc., a Delaware corporation and franchisor for the other three.

Cavanagh initially filed her lawsuit in New York Supreme Court on March 26, 2018. (*Id.*) Defendants were served a year later, on April 9, 2019, and timely filed a petition for removal. (Defs.' Decl. in Supp. of Mot. to Dismiss (Dkt. 21-2) ¶¶ 6-7; Not. of Removal.) Defendant CP Columbia moved pre-answer to dismiss the complaint for lack of personal jurisdiction. (*See* CP Columbia Mot. to Dismiss (Dkt. 9).) Two others – Marriott International, Inc. and Columbia Sussex Corporation – now move for judgment on the pleadings, and CP Columbia renews its motion to dismiss. (*See* Defs.' Mem. in Supp. of Mot. to Dismiss ("Mot.") (Dkt 21-1).) All defendants move to dismiss the claims against them pursuant to the forum non conveniens doctrine.

Plaintiff concedes that Defendants Marriott International, Inc. and Columbia Sussex Corporation should be dropped from the case. (*See* Pl.'s Opp. to Mot. to Dismiss ("Opp.") (Dkt. 22) at ECF p. 4.) Plaintiff contests removal for the first time in her opposition by stipulating to damages less than $75,000, thereby purporting to destroy diversity jurisdiction.[1] (*Id.* at 3-4.) Plaintiff's opposition does not respond to Defendants' arguments regarding personal jurisdiction or forum non conveniens.

---

[1] Plaintiff has not filed a motion to remand, but instead includes arguments for remand in her opposition to Defendants' motion. For purposes of resolving the instant disputes, the court construes the relevant arguments in her opposition as a motion to remand.

## II. PLAINTIFF'S MOTION TO REMAND

### A. Legal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When the parties are of diverse citizenship and the amount in controversy exceeds $75,000, removal is permitted unless a jurisdictional or procedural defect is identified. *See* 28 U.S.C. § 1447(c). If, however, "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

### B. Discussion

Removal in this case was perfected when, after Defendants filed a notice to remove, Plaintiff did not object for more than a year. The period to do so is 30 days. *See* 28 U.S.C. § 1447(c). Plaintiff now moves to remand by stipulating to damages of $74,999.99 or less, purportedly depriving the court of diversity jurisdiction. (*See* Opp. at ECF pp. 3-4.).

It is appropriate for a plaintiff to strategically plead in order to avoid removal to federal court in the first instance. Indeed, they may even do so by stipulating to damages of less than $75,000 when the question of remand later arises. "[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013).[2] But the general rule is that a plaintiff may not "after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduce[] the claim below the requisite

---

[2] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted and all alterations are adopted.

3

amount . . . [in order to] deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938), *superseded by statute on other grounds*. "If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction, the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." *Id.* at 294.

An exception applies where (1) the amount of damages was ambiguous at the time of the state court complaint and at the time of removal, and (2) the plaintiff later acquired facts in good faith which clarify the assessment of anticipated damages. *See generally* 14AA Arthur R. Miller, Federal Practice and Procedure (Wright & Miller) § 3702.1 n.15.50 (4th ed. 2021) (describing a "narrow exception" for a "clarification rather than a reduction of the amount in controversy"). Where, as here, the state court pleading rules did not require Plaintiff to specify damages, and Plaintiff never did so, this court would give significant weight to later clarifications of the amount in controversy. *See generally* N.Y. C.P.L.R. § 3017(c); *see also Gregg v. Walmart Stores, Inc.*, No. 20-cv-1447 (CSH), 2020 WL 6156527, at *1 (D. Conn. Oct. 20, 2020) (observing that courts are divided on the question and describing the District of Connecticut's approach favoring such stipulations); *Arter v. Pathmark Stores, Inc.*, No. 14–cv–6933 (ERK) (JMA), 2014 WL 7426792, at *2 (E.D.N.Y. Dec. 31, 2014) (remanding case after plaintiff repeatedly attested to damages of less than $75,000).

But a "clarification" is not what happened here. Rather, Plaintiff's attorney contacted his client and requested her consent to "cap" damages at $74,999.99 for the sole purpose of evading federal court review. (Opp. at ECF p. 3.) Such a maneuver is in plain defiance of the removal statute and this Circuit's cases. *See Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010) ("We . . . make clear that a plaintiff cannot seek to deprive a federal court

of jurisdiction by reducing her demand to $75,000 or less once the jurisdictional threshold has been satisfied."). It cannot be construed as a clarification of previously ambiguous damages. Indeed, it can hardly be said that Plaintiff even now truly "contests" the amount in controversy by stipulating to a "cap" under such circumstances.

At the time of removal, Defendants made a "plausible allegation that the amount in controversy exceed[ed] the jurisdictional threshold," which Plaintiff failed to challenge during the statutory window. *Jean-Louis v. Carrington Mortg. Servs., LLC*, 849 F. App'x 296, 299 n.15 (2d Cir. 2021). (*See* Not. of Removal at 2-3.) The court thus finds that the amount-in-controversy requirement was satisfied, and that Plaintiff's attempt to cap damages does not obviate the federal court's diversity jurisdiction over this matter. Plaintiff's motion to remand is therefore DENIED.

### III. CP COLUMBIA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

#### A. Legal Standard

On a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making a prima facie showing that the court has jurisdiction. *See MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012). At this procedural posture, the court takes Plaintiff's allegations as true, resolving any factual disputes between the parties in Plaintiff's favor. *See Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008) ("we construe the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor"); *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990) (adopting a sliding scale for the showing a plaintiff must make depending on the procedural posture). Jurisdictional requirements must be satisfied both under the New York long-

arm statute and the Due Process Clause. *See Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163-65 (2d Cir. 2010).

### B. Discussion

Defendant CP Columbia argues that the court does not have personal jurisdiction over it, pointing to New York's long-arm statute. (Mot. at 5-12; *See generally* N.Y. C.P.L.R. §§ 301, 302.) It requires that a defendant either be "doing business" in New York or else satisfy one of four enumerated bases of jurisdiction. *Id.* Plaintiff makes no argument in response, even though the plaintiff bears the burden of establishing jurisdiction. There is but a single line in the record to support it: Plaintiff's allegation in the complaint that CP Columbia "transacted business in the State of New York." (Compl. ¶ 11.)

At the motion to dismiss stage, the plaintiff need only make "good faith, legally sufficient allegations of jurisdiction." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013). Moreover, there may be some situations in which even "insufficiently developed" allegations warrant jurisdictional discovery before a case is dismissed. But merely "conclusory" allegations cannot suffice. *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998) (holding that the plaintiff's conclusory assertions failed to support a prima facie case of jurisdiction prior to jurisdictional discovery); *see also Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 71-72 (E.D.N.Y. 2006) (discussing the difference between insufficiently developed and conclusory allegations).

If CP Columbia indeed "transacted business in the State of New York," that fact would support jurisdiction under C.P.L.R. § 302(a)(1) (conferring personal jurisdiction where a defendant "transacts any business within the state"). But there is nothing in the record to support the allegation. That is the definition of "conclusory." *See Jazini*, 148 F.3d at 184 (describing a conclusory

allegation that was "but a restatement, with slight changes, of the legal standard . . . stat[ing] no facts supporting that conclusion").

It may be that some jurisdictional discovery is ultimately appropriate on this issue. The court is sensitive to its responsibility to "take care to give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003). Moreover, "district courts have considerable procedural leeway" when it comes to personal jurisdiction, including "permitting discovery in aid of the motion or conducting an evidentiary hearing on the merits of the motion." *Shepherd v. Annucci*, 921 F.3d 89, 95 (2d Cir. 2019). It cannot justify doing so under these circumstances *sua sponte*, however, when Plaintiff's counsel has done almost nothing to make its case.

Defendant CP Columbia's motion to dismiss is GRANTED and Plaintiff's claims against it are DISMISSED without prejudice. Plaintiff is GRANTED leave to amend the claims against CP Columbia within thirty days.

### IV. DEFENDANTS' MOTION TO DISMISS ON THE BASIS OF FORUM NON CONVENIENS

All defendants also move to dismiss on forum non conveniens grounds, arguing that a South Carolina court would be a more convenient forum for this litigation. (Mot. at 19-24.) The common law doctrine of forum non conveniens, however, applies almost exclusively where the contemplated alternative forum is a foreign court. That is because, between federal courts, 28 U.S.C. § 1404(a) provides a statutory means of transfer that "supplanted the common law doctrine." *Cap. Currency Exch., N.V. v. Nat'l Westminster Bank PLC*, 155 F.3d 603, 607 (2d Cir. 1998). Transfer, rather than dismissal, is the preferred remedy. *See Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 n.4 (2d Cir. 2001); *Chance v. E. I. Du Pont De Nemours & Co.*, 371 F. Supp. 439, 451

(E.D.N.Y. 1974) ("Since transfer to another federal district is available we consider it inappropriate to consider the more drastic action of dismissal on forum non conveniens grounds.").

Because transfer would be the appropriate remedy, the court need not consider dismissal on the basis of forum non conveniens. Nor need it consider transfer, because Defendants have not sought it.

The motion to dismiss on the basis of forum non conveniens is DENIED.

## V. DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS

Defendants Marriott International, Inc. and Columbia Sussex Corporation move for judgment on the pleadings, arguing that New York law provides no grounds for franchisor liability or liability against an uninvolved parent corporation, respectively. Plaintiff concedes that the claims against those Defendants should be dismissed. (Opp. at ECF p. 4.) Accordingly, the motion for judgment on the pleadings is GRANTED, and the claims against Marriott International, Inc. and Columbia Sussex Corporation are DISMISSED.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is DENIED; Defendant CP Columbia's Motion to Dismiss is GRANTED, and the claims against it are DISMISSED without prejudice;[3] Defendants Marriott International, Inc. and Columbia Sussex Corporation's Motion for Judgment on the Pleadings is GRANTED, and the claims against them are DISMISSED with

---

[3] Plaintiff may amend her claims against CP Columbia within thirty days. The Parties' discovery obligations are not stayed.

prejudice; and Defendants' Motion to Dismiss for forum non conveniens is DENIED.

SO ORDERED.

Dated:   Brooklyn, New York
         September 23, 2021

 /s/ Nicholas G. Garaufis 
NICHOLAS G. GARAUFIS
United States District Judge
